

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9445 | **DATE** | 3/31/2003 |
| **CASE TITLE** | LIPSCOMB, et al. vs. STATE OF ILLINOIS, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss [4-1] is granted. Counts I, II, and III are dismissed for failure to state a claim. The court declines jurisdiction over the remaining state law claims. Counts IV-IX are thus dismissed without prejudice. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR -- ---- | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/31/2003 | |
| | | 03 MAR 31 PM 5:06 | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRED LIPSCOMB, et al., )
)
              Plaintiff, ) No. 02 C 9445
)
v. ) Suzanne B. Conlon, Judge
)
STATE OF ILLINOIS, et al., )
)
             Defendants. )

## MEMORANDUM OPINION AND ORDER

Fred, Magnoli, and Chrissy Lipscomb (collectively, "plaintiffs") sue the State of Illinois, Illinois Department of Children and Family Services, Ivory Fluckas, Shirley Robinson, Jess McDonald, and other individuals presently unknown (collectively, "defendants"). Specifically, plaintiffs sue Fluckas for denial of substantive due process (Counts I and II), intentional infliction of emotional distress (Counts IV and V), battery (Count VIII), and false imprisonment (Count IX). Plaintiffs sue all defendants for a denial of substantive due process (Count III), and intentional infliction of emotional distress (Count VI and VII). Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). On July 24, 2001, Chrissy Lipscomb was a minor child living in the legal custody of her parents, Fred and Magnoli Lipscomb. Ivory Fluckas

1

is a child abuse investigator with the Illinois Department of Children and Family Services ("DCFS"). Shirley Robinson is Fluckas' immediate supervisor. Jess McDonald is the director of DCFS.

On July 25, 2001, Markita Mackey, Chrissy's cousin, called the DCFS Child Abuse Hotline, alleging that Chrissy's parents abused her. Fluckas, assigned to the case, interviewed Mr. and Mrs. Lipscomb at their home. They discussed an eating disorder that Chrissy's parents believed she was experiencing, as well as a high protein diet that Fred administered to Chrissy. Chrissy's parents denied abusing Chrissy. Chrissy was not at home during the interview. Mr. and Mrs. Lipscomb filed a missing persons report with the Chicago Police Department for her on July 26, 2001.

After speaking with Chrissy's parents, Fluckas went to Mackey's house. There, he talked to Mackey and met Chrissy, who was staying at the house. Mackey told Fluckas that Mr. Lipscomb had beaten Chrissy. Fluckas told Chrissy to stay at Mackey's home overnight.

The next day, Fluckas returned to Mackey's house and met with Chrissy. Chrissy told him that her father hit her legs, back, and arms with belts, extension cords, and his hand. Fluckas told Chrissy that he had to look for bruises on her body that resulted from the alleged abuse. Fluckas allegedly ordered Chrissy to lift up her shirt despite Chrissy's protests that she wanted a female to conduct the body examination. Fluckas made no attempt to arrange for a woman to conduct the examination and insisted Chrissy expose her body to him.

During the examination, Fluckas allegedly touched Chrissy's body for extended periods and touched her breasts and thigh. Chrissy asked Fluckas to stop touching her, but he seemed angry. Fluckas told Chrissy that if she wanted to stay at Mackey's house, he had to do the examination. Allegedly, the only bruises and markings on Chrissy's body were from ice skating training accidents. But as part of his report, Fluckas falsely included abuse marks and bruises on his illustrated diagram

2

of her body. After concluding the meeting, Fluckas told Chrissy she could not contact her parents or return to their house. He ordered Chrissy to stay inside Mackey's home, warning her that if she went outside, the police would pick her up.

Chrissy stayed at Mackey's house until August 6, 2001, when Mackey informed her that she (Chrissy) had a doctor's appointment. Chrissy went to the Rogers Park Health Clinic and was examined by Dr. Martin. Fluckas was at the clinic, and was present while Dr. Martin examined Chrissy's body for marks and bruises. Fluckas insisted Chrissy undress for the exam, but Dr. Martin said it was unnecessary. During Dr. Martin's exam, Fluckas touched Chrissy's body and held his hand in close proximity to her legs to point out what he thought were bruises. Chrissy told Dr. Martin that her bruises resulted from being hit by her father. Allegedly, Chrissy lied because Fluckas told her to do so. Dr. Martin disagreed that the bruises resulted from abuse.

After the appointment, Fluckas drove Chrissy home in his car. Fluckas allegedly put his hand on her thigh and told her to do whatever he said. Chrissy removed Fluckas' hand because it was too close to her genital area. Fluckas then brushed Chrissy's cheek with his hand and told her not to worry, he would take care of everything.

Despite numerous requests from Mr. and Mrs. Lipscomb between July 25 and August 6, 2001, Fluckas refused to tell them of Chrissy's whereabouts, merely informing them that she was in DCFS custody. The Lipscombs had their first contact with Chrissy while she was at the Rogers Park Health Clinic.

Fluckas submitted a request to file an abuse/neglect petition to the Cook County State's Attorney's office. Included in his request were purported notes from his interviews, diagrams that

he and Dr. Martin created showing bruises on Chrissy's body, and safety determination forms that analyze risk assessment for a child living in a particular home.

The state's attorney's office filed two pleadings in the Circuit Court of Cook Count based on the information that Fluckas presented. The first sought temporary custody of Chrissy by DCFS pursuant to the Illinois Juvenile Court Act, 705 ILCS 405/2-10. The second petitioned for an adjudication of wardship over Chrissy, alleging neglect and abuse.

On August 8, 2001, a temporary custody hearing was conducted. Fluckas testified that Chrissy told him her father only let her eat one meal per day. Fluckas also testified that the diagram submitted in his report reflected his personal observations. He said Chrissy identified the bruises as the result of being hit by her father. Because Fluckas did not estimate the age of the bruising in his report or in his testimony, the judge found Fluckas was not persuasive about his ability to evaluate physical injury to a child. Nonetheless, the judge granted the state's motion for temporary custody and barred Mr. Lipscomb from having contact with Chrissy until a qualified mental health professional could testify that contact would be in Chrissy's best interest.

After various delays, the adjudication hearing was set on February 28, 2002. Among the discovery materials tendered by the state's attorney were witness statements signed by Fluckas. These were copies of witness statements in Fluckas' original report packet, but the statements were allegedly altered. When the witnesses were shown the interview notes, they denied making the statements attributed to them. One week before the hearing, the state's attorney withdrew the petition for wardship.

## DISCUSSION

### I. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson*, 355 U.S. at 45-46.

### II. The Eleventh Amendment

Defendants contend that the State of Illinois and DCFS must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The Eleventh Amendment provides immunity from suit to the State of Illinois and DCFS absent an express waiver. *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909); *Kroll v. Board of Trustees of the Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). Plaintiffs concede that neither party waived immunity. Thus, the State of Illinois and DCFS must be dismissed.

### III. Issue Preclusion

Defendants argue that issue preclusion bars this action in that Mr. and Mrs. Lipscomb's custodial and visitation rights were addressed in hearings and orders by the state court. Defendants contend that under *Jensen v. Foley*, 295 F.3d 745 (7th Cir. 2002), the state court made a determination of probable cause that may not be relitigated in federal court. The issue in this case, however, is not whether probable cause existed at the temporary custody hearing. Plaintiffs seek

redress for defendants' conduct during the course of the child abuse investigation. Issue preclusion prevents parties from relitigating issues that it previously litigated and lost. *Donald v. Polk County*, 836 F.2d 376, 381 (7th Cir. 1988). Defendants fail to show that the actions and motives of individual defendants during the investigatory stage were litigated at the temporary custody hearing. Accordingly, issue preclusion does not bar this action.

## IV. Personal Involvement

Defendants argue that Robinson and McDonald should be dismissed for lack of personal involvement. A plaintiff suing a government official in his individual capacity must show that the official personally caused or played a role in causing the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiffs do not allege that McDonald personally deprived them of a federal right. The allegations against Robinson are based on her supervisory role over Fluckas. But the facts alleged do not support a reasonable inference that Robinson had personal knowledge of any alleged constitutional deprivation. Plaintiffs attach a copy of a child abuse/neglect investigation form to their response to establish Robinson's knowledge. However, the court cannot properly consider this attachment on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the federal claims against Robinson and McDonald are dismissed for lack of personal involvement.

## IV. Absolute Immunity

Defendants contend that Fluckas is absolutely immune for actions taken in carrying out the court's orders and for testimony given to the state court. "[S]ocial workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court." *Millspaugh v. County Dep't of Public Welfare*

*of Wabash County*, 937 F.2d 1172, 1176 (7th Cir. 1991). Absolute immunity protects social workers in presenting or withholding evidence to the state court. *Id.* Absolute immunity, however, does not protect the gathering of evidence. *Id.* Investigative actions fall outside the scope of absolute immunity and are covered by qualified immunity only. *Id.*; *Malley v. Briggs*, 475 U.S. 335 (1986).

The complaint does not raise the question of immunity for testimony before the state court. Although the complaint alleges Fluckas testified falsely at the temporary custody hearing and presented altered evidence in the petition for adjudication for wardship, Counts I-III allege substantive due process violations of false investigation, improper investigation, and improper supervision. Because these counts do not raise questions of immunity for testimony or quasi-prosecutorial acts before the state court, Fluckas is not entitled to absolute immunity.

## VI. Qualified Immunity

Defendants argue that Fluckas is entitled to qualified immunity. Qualified immunity protects government officials from individual liability under § 1983 for actions taken while performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Brokaw v. Mercer County*, 235 F.3d 1000, 1021 (7th Cir. 2000); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To survive a motion to dismiss based on qualified immunity, "a plaintiff must show (i) that [he] has asserted a violation of a constitutional right, and (ii) that the applicable legal standards were clearly established at the time the defendants acted." *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999).

Counts I and II allege that plaintiffs were denied substantive due process rights to family relations by Fluckas' false and improper investigation. Parents have a substantive due process right to care for and raise their children. *Brokaw*, 235 F.3d at 1018. But this right is not absolute: a

7

parent's familial interests must be balanced with the state's interest in protecting children from abuse. *Id.* The state's interest trumps the parent's if the state has "some definite and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." *Id.* at 1019.

Plaintiffs' claims of false and improper investigation center around Fluckas' allegedly false diagram and report of Chrissy's bruising. Even if false and improper, the report and diagram were inconsequential. As stated in the complaint, the judge at the temporary custody hearing discounted Fluckas' report because he was not persuasive in his ability to evaluate physical injury to a child. Thus, plaintiffs fail to allege a causal connection between Fluckas' allegedly improper investigation and the denial of their substantive due process right to family relations. Moreover, plaintiffs fail to establish that their right to familiar relations was absolute and clearly established. Accordingly, Counts I and II against Fluckas must be dismissed.

## CONCLUSION

The motion to dismiss is granted. Counts I, II and III are dismissed with prejudice. Counts IV through IX are dismissed without prejudice.

March 31, 2003                              ENTER:

                                            Suzanne B. Conlon
                                            United States District Judge